IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.:

LEE ELLIS,                           :

       Plaintiff,                    :

                          :

vs.                                  :

LOWE'S HOME CENTERS, INC.,           :
OSRAM SYLVANIA LTD d/b/a             :
OSRAM SYLVANIA PRODUCTS, INC.,       :
n/k/a OSRAM SYLVANIA, INC.,          :

       Defendants.                   :
_____    :

**11008248**

**COMPLAINT**

**12**

A TRUE COPY
APR 07 2011
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY FL

## GENERAL ALLEGATIONS

COMES NOW, the Plaintiff, LEE ELLIS, by and through his undersigned attorney and sues

the Defendants, LOWE'S HOME CENTERS, INC., OSRAM SYLVANIA LTD d/b/a OSRAM

SYLVANIA PRODUCTS, INC., n/k/a OSRAM SYLVANIA, INC., and would state:

1.     This is an action for damages in excess of Fifteen Thousand Dollars ($15,000) and

therefore, within the jurisdiction of this Court

2.     The Plaintiff, LEE ELLIS, is a resident of the State of Florida, County of Broward,

and is otherwise sui juris.

3.     The Defendant, LOWE'S HOME CENTERS, INC., hereinafter referred to as

"LOWE'S" is a foreign corporation licensed and authorized to do business in Florida, and at all

times material hereto, was in fact operating a store in the County of Broward, State of Florida, and

is otherwise sui juris.

4.     The Defendant, OSRAM SYLVANIA LTD, at all times material herein was doing business as OSRAM SYLVANIA PRODUCTS, INC., which is now known as OSRAM SYLVANIA, INC., and hereinafter shall be referred to as "OSRAM SYLVANIA," and is a foreign corporation, licensed and authorized to do business in the State of Florida, and at all times material hereto, was in fact selling products in the County of Broward, State of Florida, and is otherwise sui juris.

5.     On or about April 9, 2007, the Plaintiff, LEE ELLIS, was an invitee/customer of the Defendant, LOWE'S, at their store located at 1001 West Oakland Park Boulevard, Fort Lauderdale, Florida 33311.

6.     At all times material herein, the Defendant, LOWE'S, owned and/or operated the Lowe's store located at 1001 West Oakland Park Boulevard, Fort Lauderdale, Florida 33311.

7.     On or about April 9, 2007, and for sometime prior thereto, the Defendant, OSRAM SYLVANIA, was and is engaged in the business of manufacturing, testing, processing, producing, packaging, labeling, inspecting, delivering, advertising and otherwise introducing into the stream of commerce for sale, distribution, and delivery of the product known as Sylvania Double Life 60w Soft White Light bulbs in a four pack which were sold for use by the general public, including the Plaintiff, LEE ELLIS (A copy of a similar package of light bulbs is attached hereto as **EXHIBIT A**). Plaintiff does not possess the original package as the Defendant, LOWE'S, confiscated that package of light bulbs after the incident sued upon herein.

8.     On or about April 9, 2007, for sometime prior thereto, the Defendant, LOWE'S, was and is engaged in the business of inspecting, storing, advertising, and otherwise introducing into the stream of commerce for sale, distribution and delivery of the product known as Sylvania Double Life 60w Soft White Light bulbs in a four pack which were sold by the Defendant, LOWE'S to the

general public, including the Plaintiff, LEE ELLIS (A copy of a similar package of light bulbs is attached hereto as EXHIBIT A). Plaintiff does not possess the original package as the Defendant, LOWE'S, confiscated that package of light bulbs after the incident sued upon herein.

9.     At all times material herein, the aforedescribed light bulbs manufactured, designed, packaged, etc., by the Defendant, OSRAM SYLVANIA, were sold by said Defendant to the Defendant, LOWE'S, which was located in the City of Fort Lauderdale, County of Broward, State of Florida, to be placed into the stream of commerce and purchased by the general public.

10.    On or about April 9, 2007, the Plaintiff, LEE ELLIS, was a customer at the Defendant, LOWE'S, store located at 1001 West Oakland Park Boulevard, Fort Lauderdale, Florida 33311 and at the time of his visit, he was looking to purchase light bulbs. More specifically, the Plaintiff was looking at the light bulbs manufactured, tested, processed, produced, packaged, labeled, inspected, delivered, advertised and introduced into the stream of commerce for sale, distribution, and delivery, by the Defendants, OSRAM SYLVANIA and LOWE'S, which are described as a four-pack of Sylvania Double Life 60w Soft White Light bulbs.

11.    While at the aforestated store owned and/or operated by the Defendant, LOWE'S, the Plaintiff, LEE ELLIS, bent down to pick up the box of the Sylvania light bulbs from the bottom shelf to read the information contained on the packaging when a fine dust type material came out of the package of light bulbs and went into the Plaintiff's eyes. The Plaintiff was taken to customer service by the employees and/or representatives of the Defendant, LOWE's, at which time it was discovered that at least one of the light bulbs in the package was broken which caused a fine dust and/or microscopic shards of glass to escape the package and injured the Plaintiff.

12.    By reaching for, removing from the store shelf, and inspecting the product, the Plaintiff, LEE ELLIS, at all times material herein, was using the product in the manner in which it

was intended.

## COUNT I
### NEGLIGENCE CLAIM AGAINST OSRAM SYLVANIA

COMES NOW, the Plaintiff, LEE ELLIS, by and through his undersigned attorney and sues the Defendant, OSRAM SYLVANIA LTD d/b/a OSRAM SYLVANIA PRODUCTS, INC., n/k/a OSRAM SYLVANIA, INC.,, and would state:

13. The Plaintiff, LEE ELLIS, adopts realleges and reavers each and every allegation contained in paragraphs 1 through 12 above, as if fully set forth herein.

14. The above described box of light bulbs was negligently and defectively designed, packaged, processed, inspected, sold, delivered and otherwise placed into the stream of commerce by the Defendant, OSRAM SYLVANIA, so as to cause injury to the Plaintiff, LEE ELLIS.

15. The Defendant, OSRAM SYLVANIA, negligently designed, manufactured and packaged, the above described four-pack of Sylvania Double Life 60w Soft White Light bulbs, in that the packaging did not prevent the light bulbs from being broken, or in the alternative, did not prevent the harmful and damaging dust and/or microscopic shards of glass from escaping the box when it contained a broken light bulb. The Defendant, OSRAM SYLVANIA's, aforedescribed product and packaging design did not include safeguards to prevent the escape of the hazardous dust and/or microscopic shards of glass that was caused by a broken light bulb. As a result, the Plaintiff, LEE ELLIS, suffered damages when the dust and/or microscopic shards of glass from a package that contained a broken light bulb blew into his eyes.

16. The aforedescribed light bulbs were being sold for the purposes for which they were intended, by the Defendant, OSRAM SYLVANIA, to the Defendant, LOWE'S. The Defendant, LOWE'S, then placed the aforedescribed light bulbs on its shelf for sale to the general public,

including the Plaintiff, LEE ELLIS. Due to the poor design, manufacturing, packaging, processing, transporting, inspecting and selling of the product by the Defendant, OSRAM SYLVANIA, the Plaintiff, LEE ELLIS, suffered damage to his eyes which is permanent in nature.

17.     The Defendant, OSRAM SYLVANIA, knew or in the exercise of reasonable care, should have known that if the four-pack of the Sylvania Double Life 60w Soft White Light bulbs were not properly and carefully manufactured, processed, tested, packaged, labeled, inspected, stored, sold and distributed, and that a light bulb could be easily broken inside the packaging which would allow dangerous dust and/or microscopic shards of glass to escape from the box which would likely cause damage to a person, especially if the dust from a broken bulb were to get into a person's eyes.

18.     The Defendant, OSRAM SYLVANIA, negligently and carelessly created, designed, tested, processed, produced, packaged, labeled, inspected and manufactured the aforedescribed Sylvania Double Life 60w Soft White Light bulbs and distributed it in the channels of trade, more specifically, to the Defendant, LOWE'S, thereby making it available for the Plaintiff, LEE ELLIS, to come into direct contact with said product.

19.     The Defendant, OSRAM SYLVANIA, negligently and carelessly distributed the aforedescribed Sylvania Double Life 60w Soft White Light bulbs to the Defendant, LOWE'S, for ale to the general public, including the Plaintiff herein, in a defective, broken and unsafe state.

20.     At all times material hereto the Defendant, OSRAM SYLVANIA, had a duty to warn the ultimate users of its product that the product is inherently dangerous, or has dangerous propensities. The Defendant, OSRAM SYLVANIA, was in a superior position to know the dangers of its product and had a duty to warn those who may not fully appreciate the possibility of such dangers.

21.   The Defendant, OSRAM SYLVANIA, knew or should have known about the dangerous condition that could be present when a package contained broken light bulbs, and in the exercise of ordinary and reasonable care, should have taken the appropriate actions to remedy the condition.

22.   Further, the Defendant, OSRAM SYLVANIA, allowed the aforedescribed Sylvania Double Life 60w Soft White Light bulbs to be sold and distributed in the negligently designed and manufactured state and in a condition unreasonably dangerous to consumers such as the Plaintiff, LEE ELLIS, directly and proximately causing his injuries.

23.   As a direct and proximate result of the dangerous condition of the aforementioned light bulbs and the negligent design of the product and packaging which were manufactured, tested, inspected, sold, etc., by the Defendant, OSRAM SYLVANIA, the Plaintiff was seriously and severely injured in and about his head, neck, back, body and limbs, and was thereby rendered sick, sore, lame and otherwise disabled, or, in the alternative, the injuries aforesaid thereby cause or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, the Plaintiff, LEE ELLIS, has in the past and will in the future suffer great pain and anguish of body and mind and the injuries so complained of by her are permanent in nature.

24.   As a further direct and proximate result of the negligence of the Defendant, OSRAM SYLVANIA, the Plaintiff, LEE ELLIS, has in the past undergone and will in the future undergo painful and extensive medical care and treatment and the Plaintiff has in the past incurred and will in the future incur medical bills and expenses attendant to his injuries.

25.   As a further direct and proximate result of the negligence of the Defendant, OSRAM SYLVANIA, as aforesaid, the Plaintiff, LEE ELLIS, has in the past sustained loss of earnings and will in the future sustain loss of earnings and earning capacity.

WHEREFORE, the Plaintiff, LEE ELLIS, demands that a judgment be entered against the Defendant, OSRAM SYLVANIA LTD d/b/a OSRAM SYLVANIA PRODUCTS, INC., n/k/a OSRAM SYLVANIA, INC., in an amount in excess of the jurisdictional limits of this Court. The Plaintiff further demands trial by jury of all issues triable as of right by jury.

**COUNT II**
**NEGLIGENCE CLAIM AGAINST LOWE'S**

COMES NOW, the Plaintiff, LEE ELLIS, by and through his undersigned attorney and sues the Defendant, LOWE'S HOME CENTERS, INC., and would state:

26.     The Plaintiff, LEE ELLIS, adopts realleges and reavers each and every allegation contained in paragraphs 1 through 12 above, as if fully set forth herein.

27.     The above described four-pack of Sylvania Double Life 60w Soft White Light bulbs were negligently and defectively designed, packaged, processed, inspected, sold and/or delivered by the Defendant, OSRAM SYLVANIA, to the Defendant, LOWE'S, who then placed said light bulbs into the stream of commerce for sale to the general public, including the Plaintiff, LEE ELLIS, for the purposes for which they were intended.

28.     The Defendant, OSRAM SYLVANIA, negligently designed, manufactured and packaged, the above described four-pack of Sylvania Double Life 60w Soft White Light bulbs, in that the packaging did not prevent the light bulbs from being broken, or in the alternative, did not prevent the harmful and damaging dust and/or microscopic shards of glass from escaping the box when it contained a broken light bulb. The Defendant, OSRAM SYLVANIA's, aforedescribed product and packaging design did not include safeguards to prevent the escape of the hazardous dust and/or microscopic shards of glass that was caused by a broken light bulb.

29.     The Defendant, LOWE'S, knew or should have known of the above stated dangerous

condition and failed and/or refused to take the necessary steps to correct any defects and/or remove the product from its shelf. In the alternative, the Defendant, LOWE'S, failed to inspect the product to make sure that the light bulbs were not broken or otherwise damaged. As a result of the Defendant's negligence, the Plaintiff, LEE ELLIS, suffered damages when a dust type product and/or microscopic shards of glass came from a package that contained a broken light bulb and blew into his eyes.

30.     The Defendant, LOWE'S, knew or in the exercise of reasonable care, should have known that the four-pack of the Sylvania Double Life 60w Soft White Light bulbs were not properly and carefully manufactured, processed, tested, packaged, labeled, inspected, stored, sold and distributed by the Defendant, OSRAM SYLVANIA, and that a light bulb could be easily broken inside the packaging which would allow dangerous dust and/or microscopic shards of glass to escape from the box which would likely cause damage to a person, especially if the dust type particles from a broken bulb were to get into a person's eyes.

31.     The Defendant, LOWE'S, negligently and carelessly processed, inspected, sold and/or otherwise placed into the stream of commerce the aforedescribed defective Sylvania Double Life 60w Soft White Light bulbs and distributed it in the channels of trade, thereby making it available for the Plaintiff, LEE ELLIS, to come into direct contact with said product.

32.     The Defendant, LOWE'S, negligently and carelessly distributed and sold the aforedescribed Sylvania Double Life 60w Soft White Light bulbs to the general public, including the Plaintiff, LEE ELLIS, in a defective, broken and unsafe state.

33.     At all times material hereto the Defendant, LOWE'S, had a duty to warn the ultimate users of the Sylvania Double Life 60w Soft White Light bulbs which were manufactured, packaged, etc., by the Defendant, OSRAM SYLVANIA, that the product is inherently dangerous or has

dangerous propensities. The Defendant, LOWE'S, was in a superior position to know the dangers of said product, as compared to its customer's such as the Plaintiff, LEE ELLIS, and had a duty to remove the product from its shelf or warn those who may not fully appreciate the possibility of such dangers.

34. The Defendant, LOWE'S, had a duty to inspect the products that it was offering to sell to the general public. The Defendant failed and/or refused to inspect its products including the aforementioned four-pack of the Sylvania Double Life 60w Soft White Light bulbs which contained a broken bulb. If the Defendant would have inspected the products that were put out for sale to the general public, on a regular basis then the package containing the broken light bulb could have been taken off of the shelf, thereby removing the dangers to the public, and more specifically to the Plaintiff, LEE ELLIS.

35. The Defendant, LOWE'S, knew or should have known about the dangerous condition that could be present when a package contained broken light bulbs, and in the exercise of ordinary and reasonable care, should have taken the appropriate actions to remedy the condition or to remove the product from the shelf so that it would not come into contact with the general public.

36. Further, the Defendant, LOWE'S, allowed the aforedescribed Sylvania Double Life 60w Soft White Light bulbs to remain on its shelf to be sold in the broken and damaged state, which was a direct and proximate cause of the injuries sustained by the Plaintiff, LEE ELLIS.

37. As a direct and proximate result of the dangerous condition of the aforementioned broken and damaged light bulbs and the Defendant, LOWE'S, negligent failure to remove the damaged product from its self, the Plaintiff was seriously and severely injured in and about his head, neck, back, body and limbs, and was thereby rendered sick, sore, lame and otherwise disabled, or, in the alternative, the injuries aforesaid thereby cause or contributed to cause an aggravation of a

previous existing defect or infirmity;  and as a direct result thereof, the Plaintiff, LEE ELLIS, has in

the past and will in the future suffer great pain and anguish of body and mind and the injuries so

complained of by her are permanent in nature.

38.     As a further direct and proximate result of the negligence of the Defendant, LOWE'S,

the Plaintiff, LEE ELLIS, has in the past undergone and will in the future undergo painful and

extensive medical care and treatment and the Plaintiff has in the past incurred and will in the future

incur medical bills and expenses attendant to his injuries.

39.     As a further direct and proximate result of the negligence of the Defendant, LOWE'S,

as aforesaid, the Plaintiff, LEE ELLIS, has in the past sustained loss of earnings and will in the future

sustain loss of earnings and earning capacity.

WHEREFORE, the Plaintiff, LEE ELLIS, demands that a judgment be entered against the

Defendant, LOWE'S HOME CENTERS, INC.,  in an amount in excess of the jurisdictional limits

of this Court.  The Plaintiff further demands trial by jury of all issues triable as of right by jury.


### COUNT III
### STRICT LIABILITY CLAIM AGAINST OSRAM SYLVANIA

COMES NOW, the Plaintiff, LEE ELLIS, by and through his undersigned attorney and sues

the Defendant, OSRAM SYLVANIA, and would state:

40.     The Plaintiff, LEE ELLIS, adopts realleges and reavers each and every allegation

contained in paragraphs 1 through 12 above, as if fully set forth herein.

41.     The particular package of light bulbs that injured the Plaintiff, LEE ELLIS, was

defective when it left the possession of the Defendant, OSRAM SYLVANIA, and remained

defective at the time that the Plaintiff, LEE ELLIS, removed the package from the LOWE'S store

shelf and injured himself as aforesaid.

42.    The aforementioned package of light bulbs was in a condition unreasonably dangerous to the Plaintiff, LEE ELLIS, and other users, or the ultimate consumers.

43.    The aforementioned package of light bulbs was expected to and did reach the ultimate users without substantial change affecting their condition.

44.    The inferior design of the package of light bulbs failed to protect the light bulbs contained therein from being broken, and were unreasonably dangerous and defective in the following respects:

(A)    Poor design of the package allowed for the delicate light bulbs to be easily broken;

(B)    Poor design of the package failed to prevent the harmful and damaging dust and/or microscopic shards of glass from escaping the box when it contained a broken light bulb;

(C)    The package of light bulbs left the possession of the Defendant, OSRAM SYLVANIA, in a broken manner or became broken between the time they left the Defendant, OSRAM SYLVANIA, and its delivery to the Defendant, LOWE'S; and was therefore delivered in a defective condition.

45.    At all times material hereto the aforedescribed package of light bulbs was being used as intended and in a manner reasonably foreseeable by the Defendant, OSRAM SYLVANIA.

46.    At all times material hereto the aforedescribed package of light bulbs reached the Plaintiff, LEE ELLIS, without substantial change affecting its condition from the time they left the control of the Defendant, OSRAM SYLVANIA.

47.    There is a defect in the manufacturing process of the Defendant, OSRAM

SYLVANIA, which weakened the light bulb in such a way that it broke even when handled, stored, shipped and displayed in a manner appropriate for the same or similar product.

48.    At all times material hereto the Defendant, OSRAM SYLVANIA, had a duty to warn the ultimate users of its product that the product is inherently dangerous, or has dangerous propensities. The Defendant, OSRAM SYLVANIA, was in a superior position to know the dangers of its product and had a duty to warn those who may not fully appreciate the possibility of such dangers.

49.    The Defendant, OSRAM SYLVANIA, knew or should have known about the dangerous condition that could be present when a package contained broken light bulbs, and in the exercise of ordinary and reasonable care, should have taken the appropriate actions to remedy the condition.

50.    Further, the Defendant, OSRAM SYLVANIA, allowed the aforedescribed Sylvania Double Life 60w Soft White Light bulbs to be sold and distributed in the negligently designed and manufactured state and in a condition unreasonably dangerous to consumers such as the Plaintiff, LEE ELLIS, directly and proximately causing his injuries.

51.    As a direct and proximate result of the dangerous condition of the aforementioned light bulbs and the negligent design of the product and packaging which were manufactured, tested, inspected, sold, etc., by the Defendant, OSRAM SYLVANIA, the Plaintiff was seriously and severely injured in and about his head, neck, back, body and limbs, and was thereby rendered sick, sore, lame and otherwise disabled, or, in the alternative, the injuries aforesaid thereby cause or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, the Plaintiff, LEE ELLIS, has in the past and will in the future suffer great pain and anguish of body and mind and the injuries so complained of by her are permanent in nature.

52.    As a further direct and proximate result of the negligence of the Defendant, OSRAM SYLVANIA,  the Plaintiff, LEE ELLIS, has in the past undergone and will in the future undergo painful and extensive medical care and treatment and the Plaintiff has in the past incurred and will in the future incur medical bills and expenses attendant to his injuries.

53.    As a further direct and proximate result of the negligence of the Defendant, OSRAM SYLVANIA, as aforesaid, the Plaintiff, LEE ELLIS, has in the past sustained loss of earnings and will in the future sustain loss of earnings and earning capacity.

WHEREFORE, the Plaintiff, LEE ELLIS, demands that a judgment be entered against the Defendant, OSRAM SYLVANIA LTD d/b/a OSRAM SYLVANIA PRODUCTS, INC., n/k/a OSRAM SYLVANIA, INC.,  in an amount in excess of the jurisdictional limits of this Court.  The Plaintiff further demands trial by jury of all issues triable as of right by jury.

## COUNT IV
## STRICT LIABILITY CLAIM AGAINST LOWE'S

COMES NOW, the Plaintiff, LEE ELLIS, by and through his undersigned attorney and sues the Defendant, LOWE'S, and would state:

54.    The Plaintiff, LEE ELLIS, adopts realleges and reavers each and every allegation contained in paragraphs 1 through 12 above, as if fully set forth herein.

55.    The particular package of light bulbs that injured the Plaintiff, LEE ELLIS, was defective when it was received by the Defendant, LOWE'S.  The Defendant placed the aforedescribed defective package of light bulbs on its self where it remained defective until the time that the Plaintiff, LEE ELLIS, removed the package from the LOWE'S store shelf and injured himself as aforesaid.

56.    The aforementioned package of light bulbs was in a condition unreasonably

dangerous to the Plaintiff, LEE ELLIS, and other users, or the ultimate consumers.

57.   The aforementioned package of light bulbs was expected to and did reach the ultimate users without substantial change affecting their condition after they were received by the Defendant, LOWE'S.

58.   The Defendant, LOWE'S, failed to protect the general public, including the Plaintiff, LEE ELLIS, from the inferior design of the package of light bulbs, and the Defendant allowed an unreasonably dangerous and defective product to be put out for sale to the general public.

59.   In the alternative, the package of light bulbs became broken after it was received by Defendant, LOWE'S, and then the Defendant, LOWE'S placed the package of broken light bulbs on its shelf for use and purchase by the general public. Or, again in the alternative, the package became broken after the Defendant placed them on its shelf and the Defendant failed to inspect its inventory and shelves to remove any dangerous products, and specifically, the Defendant, LOWE'S failed and/or refused to remove the aforedescribed broken package of light bulbs from its shelf. As a result the Plaintiff, LEE ELLIS, was injured when fine dust and/or microscopic shards of glass escaped the defective and damaged package.

60.   The Defendant, LOWE'S, knew or should have known that the product would be unreasonably dangerous to consumers such as the Plaintiff, LEE ELLIS.

61.   At all times material hereto the aforedescribed package of light bulbs was being used as intended and in a manner reasonably foreseeable by the Defendant, LOWE'S.

62.   At all times material hereto the aforedescribed package of light bulbs reached the Plaintiff, LEE ELLIS, without substantial change affecting its condition from the time they left the control of the Defendant, OSRAM SYLVANIA.

63.   At all times material hereto the Defendant, LOWE'S, had a duty to warn the ultimate

users of the Sylvania Double Life 60w Soft White Light bulbs which were manufactured, packaged, etc., by the Defendant, OSRAM SYLVANIA, that the product is inherently dangerous or has dangerous propensities. The Defendant, LOWE'S, was in a superior position to know the dangers of said product, as compared to its customer's such as the Plaintiff, LEE ELLIS, and had a duty to remove the product from its shelf or warn those who may not fully appreciate the possibility of such dangers.

64.     The Defendant, LOWE'S, had a duty to inspect the products that it was offering to sell to the general public. The Defendant failed and/or refused to inspect its products including the aforementioned four-pack of the Sylvania Double Life 60w Soft White Light bulbs which contained a broken bulb. If the Defendant would have inspected the products that were put out for sale to the general public, on a regular basis then the package containing the broken light bulb could have been taken off of the shelf, thereby removing the dangers to the public, and more specifically to the Plaintiff, LEE ELLIS.

65.     The Defendant, LOWE'S, knew or should have known about the dangerous condition that could be present when a package contained broken light bulbs, and in the exercise of ordinary and reasonable care, should have taken the appropriate actions to remedy the condition or to remove the product from the shelf so that it would not come into contact with the general public.

66.     Further, the Defendant, LOWE'S, allowed the aforedescribed Sylvania Double Life 60w Soft White Light bulbs to remain on its shelf to be sold in the broken and damaged state, which was a direct and proximate cause of the injuries sustained by the Plaintiff, LEE ELLIS.

67.     As a direct and proximate result of the dangerous condition of the aforementioned broken and damaged light bulbs and the Defendant, LOWE'S, negligent failure to remove the damaged product from its shelf, the Plaintiff was seriously and severely injured in and about his

head, neck, back, body and limbs, and was thereby rendered sick, sore, lame and otherwise disabled, or, in the alternative, the injuries aforesaid thereby cause or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, the Plaintiff, LEE ELLIS, has in the past and will in the future suffer great pain and anguish of body and mind and the injuries so complained of by her are permanent in nature.

68.     As a further direct and proximate result of the negligence of the Defendant, LOWE'S, the Plaintiff, LEE ELLIS, has in the past undergone and will in the future undergo painful and extensive medical care and treatment and the Plaintiff has in the past incurred and will in the future incur medical bills and expenses attendant to his injuries.

69.     As a further direct and proximate result of the negligence of the Defendant, LOWE'S, as aforesaid, the Plaintiff, LEE ELLIS, has in the past sustained loss of earnings and will in the future sustain loss of earnings and earning capacity.

WHEREFORE, the Plaintiff, LEE ELLIS, demands that a judgment be entered against the Defendant, LOWE'S HOME CENTERS, INC., in an amount in excess of the jurisdictional limits of this Court. The Plaintiff further demands trial by jury of all issues triable as of right by jury.

G. WILLIAM ALLEN, JR., ESQUIRE
Attorney for Plaintiff
310 Southeast 13th Street
Fort Lauderdale, Florida 33316
(954) 522-4433

G. WILLIAM ALLEN, JR., ESQ.
Florida Bar No.: 186411









SYLVANIA is a registered trademark of OSRAM SYLVANIA INC.
SYLVANIA is a registered trademark of OSRAM SYLVANIA INC.
SYLVANIA es una marca registrada de OSRAM SYLVANIA INC.

587450



